OPINION OF THE COURT
Meyer, J.
This appeal presents the question whether section 220 (subd 6, par [d]) of the Judiciary Law [renumbered § 39, L 1978, ch 156, § 9] unconstitutionally impaired rights vested in plaintiffs, nonjudicial employees of the court system in the County of Nassau, to receive cash payment for accumulated vacation pay and sick leave upon the transfer, pursuant to court unification, of their positions to the State. Special Term held that the transfer terminated plaintiffs’ county service, that the enforced transfer of stated parts of their sick leave and vacation pay rights to the State impaired their contract rights and that the infringement of those rights was not reasonable and necessary to serve a public purpose within the rule recently restated by the Supreme Court in United States Trust Co. v New Jersey (431 US 1). It, therefore, granted *538 summary judgment to plaintiffs and set the matter down for assessment of damages. The Appellate Division, finding that the transfer of plaintiffs from county to State service did not constitute a "termination” within the meaning of the contract and that the action was, therefore, premature, reversed, granted judgment to the county declaring that plaintiffs’ services had not been terminated and otherwise dismissed the complaint. The order of the Appellate Division should be reversed and the order of Special Term reinstated.
Plaintiffs became State employees on April 1, 1977, pursuant to the provisions of section 220 of the Judiciary Law (see L 1976, ch 966, as amd by L 1977, ch 32). Section 220 (subd 6, par [d]), which took effect April 1, 1977 (three months after the effective date of the collective bargaining agreement), deals with vacation and sick leave. It provides in pertinent part:
"(d) Notwithstanding any other provision of law,
"(i) Any nonjudicial officer or employee of the courts and court-related agencies of the unified court system who becomes an employee of the state of New York pursuant to this subdivision may, at the option of such officer or employee, be credited with sick leave earned and accumulated but unused at the time he becomes a state employee, but not in excess of two hundred days and shall be credited with vacation leave earned and accumulated but unused at the time he becomes a state employee, but not in excess of forty days * * *
"(iii) At the time of retirement or any other permanent separation without fault from the employment of the state, any such nonjudicial officer or employee shall be entitled to receive from the political subdivision payments for terminal leave based upon any time and leave credits accrued before April ñrst nineteen hundred seventy-seven and not transferred to the state pursuant to subparagraph (i) * * * If such officer or employee retires, such entitlement shall include payments he would have received from the political subdivision as if he had been eligible to retire and as if he had retired on March thirty-ñrst, nineteen hundred seventy-seven. Such credits shall be payable in cash if such credits would have been so payable by the political subdivision or if such officer or employee would otherwise have been retained on the payroll of the political subdivision until any such credits had been exhausted” (emphasis supplied).
Each plaintiff has filed a claim form with the county comp *539 troller stating that he elects "Pursuant to the option given me by Section 220 of the Judiciary Law” to carry over less than the statutorily mandated 40 days (in fact, each elected to carry over no days) vacation time. The county comptroller rejected their claims and this action ensued.
The first three causes of action on behalf of plaintiffs Stone, Wilkins and Gilbride ask money damages for failure to pay them their accumulated time in cash as provided by the agreement. The fourth cause of action by plaintiff Bennett is stated to be a class action though no class action order has yet been entered. It seeks judgment declaring, among other things, that the transfer provisions of section 220 are optional rather than mandatory, and while no judgment so declaring has yet been entered, Special Term’s order, which granted summary judgment to all plaintiffs, must be understood as awarding the declaratory relief requested, to be incorporated in the judgment to be entered upon completion of the assessment.
There can be no question that the court employees transferred from the county to State service on April 1, 1977 were "terminated” within the meaning of the contract. Notwithstanding that they continued to perform the same services in the same building, they were working for a different employer. Neither the concept that in both capacities they were serving the people of the county (which, of course, is only partly true since many litigants are not county residents), the fact that the State had previously reimbursed the county for part of its court personnel costs, nor the fact that under the unification plan the county, during a transition period, will contribute to the State part of the costs of maintaining the courts in Nassau, changes the fact that plaintiffs are no longer employees of the County of Nassau. Indeed, by providing in section 220 (subd 6, par [iii]) that at the time of retirement from State service plaintiffs will be entitled to payment for leave credits as if they had retired on March 31, 1977, the Legislature has implicitly, if not explicitly, recognized that court unification terminates plaintiffs’ county service.. The conclusion necessarily is, therefore, that there had been "separation from the service of the County” within the meaning of the agreement. Since plaintiffs had not been "discharged for cause” they became, by reason of that termination, entitled to cash payment for accumulated time under section 3 (subd 5) of the ordinance.
*540 Little time need be spent on the question of impairment, for the Appellate Division reached its conclusion on the basis of prematurity and, agreeing with Special Term as to the effect of the transfer on the rights of transferred employees, spelled out (66 AD2d 131, 139-140) the manner and extent of the impairment. There is, therefore, no disagreement on this issue.
Nor, whatever may be said with respect to another county faced with a similar claim by its former court employees now transferred to State service, can it be said that the County of Nassau has on this record brought itself within the principle of United States Trust Co. v New Jersey (431 US 1, supra), Patterson v Carey (41 NY2d 714) and similar cases, that a contract impairment may nonetheless be constitutional if in the reasonable and necessary exercise of the police power of the State. While there can be no question that unification of the court system is an important public purpose, that justifies the transfer of plaintiffs’ employment, but constitutes no reason for the infringement of plaintiffs’ contract rights that the statute’s mandatory transfer provisions entails nor, as Special Term noted, is there any showing "that the County is faced with any dire financial problems because of the State’s takeover of the court system.”
Plaintiffs are, therefore, entitled to the damages and the declaratory judgment that they request unless it can be said that by asking for a declaration that the transfer provisions of section 220 (§ 6, subd [d]) are optional rather than mandatory, they have somehow waived their rights. The complaint cannot be fairly so construed. Indeed, it is nothing more than a recognition by plaintiffs of the time-honored rule that a statute should not be so construed as to make it unconstitutional if there is another possible interpretation that will avoid the constitutional infirmity. If the transfer provision is construed as optional rather than mandatory then there will result no impairment of any court employee rights, since whatever accumulated leave or vacation time he transfers will have been transferred of his or her own free will. By asking for a declaratory judgment limited to a determination that transfer is optional and failing to obtain a class action order, plaintiffs have limited no one but themselves. Accordingly, the judgment to be entered on the fourth cause of action, after assessment of damages on the first three causes of action, will declare only that the transfer provision of the section must be *541 construed as optional, and that plaintiffs, having been terminated from county service, are entitled to judgment against the county for the cash value of so much of their accumulated vacation time and sick leave as they do not voluntarily transfer to the State.
The order of the Appellate Division should, therefore, be reversed and the order of Special Term reinstated.