■ CARL HOLMES et al., Respondents, v CITY OF NEW YORK, Appellant. [641 NYS2d 60] —In an action to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Queens County (Milano, J.), dated October 7, 1994, which granted the plaintiffs' motion for summary judgment, and (2) a judgment of the same court, dated October 31, 1994, which, upon the order, is in favor of the plaintiffs and against the defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The three plaintiffs were employed by the City of New York in the Office of Rent Control in the Department of Housing Preservation and Development. On April 1, 1984, the administration of residential rent control in New York City was transferred from that City agency to the New York State Division of Housing and Community Renewal. As part of that reorganization, the plaintiffs were transferred to that State agency and became State employees. Carl Holmes retired from State service on October 28, 1987, Mary Jane Smukler retired on March 28, 1991, and Aaron Scharfstein retired on December 29, 1988. The plaintiffs are all members of the New York City Employees Retirement System.

The plaintiffs seek terminal leave benefits which are

provided by both City regulation and by collective bargaining agreements. The New York City Department of Personnel Leave Regulations § 2.9 (b) provides as follows: "Any employee who as of January 1, 1975 has a minimum of fifteen (15) years of service as of said date may elect to receive upon retirement a terminal leave of one (1) calendar month for every ten (10) years of service prorated for a fractional part thereof in lieu of any other terminal leave".

The plaintiffs also rely on two collective bargaining contracts, executed on January 13, 1977, and June 14, 1979, respectively, each of which contains a terminal leave provision identical to that contained in the leave regulations. The provisions expressly provide that terminal leave will be given an employee "upon retirement".

The Emergency Tenant Protection Act of 1983, also known as the Omnibus Housing Act (L 1983, ch 403) pursuant to which the plaintiffs were transferred to State service, provides as follows at section 17: "(i) If any officer or employee of the division of rent control is entitled to receive from the city of New York any cash benefits owing as a result of his employment with such city, such cash benefits shall be paid by the city of New York within one year of the date he becomes a state employee pursuant to this act, or as otherwise provided in accordance with the provisions of an applicable collective bargaining agreement. The city of New York shall be liable for the satisfaction of any claims by any such officer or employee arising out of the terms and conditions of his employment prior to the date on which such officer or employee became a state employee pursuant to the provisions of this act".

We agree with the finding of the Supreme Court that the plaintiffs' employment with the City was terminated as of April 1, 1984, and that they are entitled as of the time they retired from State employment to the terminal leave benefit provisions in effect as of April 1, 1984 (see, Estate of Bernstein v City of New York, Sup Ct, Bronx County, July 19, 1991, Shapiro J., Index No. 18222/87; Matter of Garner v New York City, Sup Ct, NY County, Sept. 30, 1994, Lehner, J., Index No. 119912/93; see generally, Bennett v County of Nassau, 47 NY2d 535).

Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment and awarded them the amounts they sought, with interest from the dates of each plaintiff's respective retirement from the State.

We find the City's remaining contentions to be without merit. Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.